Filed 11/6/15  P. v. Debruce CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TANYA ROCHELLE DEBRUCE,<br><br>    Defendant and Appellant. | E063544<br><br>(Super.Ct.No. RIF1402818)<br><br>O P I N I O N |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Tanya Rochelle Debruce pled guilty to possession of methamphetamine while in the Robert Presley Detention Center (count 1; Pen. Code,

1

§ 4573.6)[1] and admitted an allegation she had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)). Pursuant to the terms of her plea agreement, the court sentenced defendant to a determinate term of four years' imprisonment.

After defendant filed the notice of appeal, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a statement of the facts, and identifying two potentially arguable issues: (1) whether section 1170.18 may apply to defendant's conviction to reduce her offense from a felony to a misdemeanor; and (2) whether, assuming section 1170.18 would not apply to reduce defendant's offense to a misdemeanor, such purportedly disparate treatment violates constitutional principles of equal protection. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 5, 2014, the People charged defendant by felony complaint with possession of methamphetamine while in the Robert Presley Detention Center (count 1; § 4573.6) and alleged defendant had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) and prior prison term (§ 667.5, subd. (b)). On February 18, 2015, defendant entered into a plea agreement with the People whereby she agreed to plead guilty to the count 1 offense and admit the prior strike conviction. In return, the People agreed to the imposition of the low term of two years on the count 1 offense, doubled pursuant to the strike prior, and dismissal of the prior prison term allegation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On the same date, the court asked defendant if she understood everything in her plea forms.[2] She responded: "Yes. Four years and 85." Defendant then entered the plea contemplated in the agreement. She admitted that on July 4, 2014, she possessed methamphetamine while in the Robert Presley Detention Center. On March 20, 2015, the court sentenced defendant to four years' imprisonment.[3] The court dismissed the prior prison term allegation.

On April 28, 2015, defendant filed a notice of appeal indicating she was appealing "based on the sentence or other matters occurring after the plea" and "challenges the validity of the plea." Defendant also checked a box indicating another basis for the plea: "I need this case to be reconsidered under Prop[osition] 47 to be reduced to a misdemeanor from a felony charge . . . ." Defendant requested a certificate of probable cause asserting: "I want to be retried in court under the [P]rop[osition] 47 law for this charge to be reduced from a felony to a misdemeanor. Also on this case I was suppose[d] to get [four] [years] at 80% not 85% . . . ." The court denied the request for a certificate of probable cause, noting "you do not need a certificate of probable cause to file for Prop[osition] 47 relief."

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which she has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we

---

[2] At the same hearing, defendant entered guilty pleas in two additional cases.

[3] At the same hearing, defendant entered a guilty plea in a fourth case.

have independently reviewed the record for potential error and find no arguable issues. (See *People v. Delapena* (2015) 238 Cal.App.4th 1414, 1428-1429 [no violation of equal protection to require sentenced defendants to file a petition for relief under § 1170.18 as opposed to yet-to-be sentenced defendants who are not so required].)

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

HOLLENHORST
Acting P. J.

McKINSTER
J.

4